**Phillip J. LYONS, Plaintiff—Appellant,**

**v.**

**Michael BUDGE; et al., Defendants— Appellees.**

No. 04–15591.

D.C. No. CV–01–00203–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.[*]

Decided April 4, 2005.

Phillip J. Lyons, Lovelock, NV, pro se.

Imran Anwar, Susan M. Carrasco, AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Defendants–Appellees.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM[**]

Nevada state prisoner Phillip J. Lyons appeals pro se the district court's summary judgment in favor of prison officials

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

in his 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment stemming from his placement in administrative segregation while incarcerated at Northern Nevada Correctional Center. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment to prison officials on Lyons' Eighth Amendment claim because Lyons failed to raise a triable issue concerning whether the denial of exercise for 37 days with no medical effects constituted deliberate indifference. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997) (holding that a temporary denial of outdoor exercise with no medical effects is insufficient to demonstrate deliberate indifference).

Because Lyons makes no argument on appeal regarding the district court's order dismissing his due process allegations for failure to state a claim, he has waived the right to challenge that order. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir.2003).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.